CHARLES J. SCHUCK, Judge.
Claimant Sibyl C. Light prosecutes her claim against the state road commission for damages to a tract of land located on primary route No. 3, near Pence Springs, West Virginia; said damages as alleged, having been caused by the improvement made to a secondary road leading from said route No. 3 to the town of Clayton in the county of Summers, and immediately adjacent to claimant’s land. The petition of claimant further alleges that rocks and dirt were deposited on her property causing a spring on said premises to be destroyed and the destruction of trees then growing on the said tract in question.
Claimant purchased the whole tract, comprising fifteen and one-half acres, on or about April, 1947, paying *195 $4200.00 therefor. The main portion, or approximately twelve aeres, is not involved in the question of damages here presented, but a smaller portion, comprising about three and one-half acres, and lying in a triangle between said route 3 and the secondary road to the rear of said parcel is involved in the claim as submitted. This smaller parcel is very precipitous and steep and many parts thereof could not be used advantageously for the erection of houses or homes thereon.
The members of the court took a view of this property and carefully examined it with reference to the damages alleged and the cause for said damages, and we are therefore in a position by reason of this firsthand information to give to the testimony the benefit of our personal inspection and examination and to better determine what damages, if any, the claimant sustained.
Based upon the cost price of the whole tract, the tract here involved was probably worth $800.00 to $900.00, or approximately one-fifth of the price paid for the whole tract; the remaining twelve acres were much more desirable in all respects than the tract in question. Upon the said twelve-acre tract the claimant has since erected her home and generally this part is level and much more available for all purposes. Claimant alleges that the said blasting operations, as well as the throwing or dumping of large rocks from the said secondary road, destroyed a sprin which claimant had incased at a cost of $540.00 previous to the time that the said road improvement took place. The testimony reveals that the said spring was being used by claimant to supply her home for domestic purposes, but claimant has since dug and built a water well on the lower or larger portion of said tract, which well, aided by a refining process which claimant has installed, now supplies her with water for all domestic purposes and the spring in question is no longer used. Claimant alleges further that the said spring by reason of the interferenc; with its operation by the blasting and the dumping of tin *196 said rock and dirt is, as stated, no longer available.
The testimony also shows that the well on the lowei tract and located near the home of claimant was started on the said premises before any damage was done to the reservoir or spring on the smaller tract which, in our opinion, would indicate that the well and not the spring in question was to be used in the future by claimant for her own uses and purposes. There is plenty of water from this newly dug well to satisfy the claimant so far as the enjoyment of her home is concerned.
As heretofore stated the members of the court made a careful investigation and examination of all attendant conditions when viewing these tracts referred to, and we conclude that the improvement of the secondary road to the rear of the precipitous tract had a tendency to improve its value rather than to lessen it. However, in view of the fact that claimant maintains and there is no contradiction so far as the record reveals, that she spent $540.00 in constructing the cement encasement of the spring, she should be reimbursed for that outlay and accordingly an award is made in the sum of $540.00.
We repeat that, in our opinion, outside of the destruction of the said spring, the tract involved, if anything, has been enhanced in value and consequently the only damages of any kind which in our opinion have been sustained by the claimant is the cost of the spring for which an ward, as indicated, is made. We therefore recommend to the Legislature that the necessary appropriation be made for the benefit of the claimant in the amount aforesaid, to wit, five hundred and forty dollars ($540.00) in full settlement of all claims for damages caused by the improvement of said secondary road and by the acts of the state road commission complained of in the petition.